Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS and RICHARD PIOMBO, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, PENSION TRUST FUND FOR OPERATING ENGINEERS, PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE FUND, OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND, HEAVY AND HIGHWAY COMMITTEE; and OPERATING ENGINEERS LOCAL UNION No. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, <br><br> Plaintiffs, <br> v. <br><br> TITAN DVBE, Inc., a California Corporation; WILLIAM SCHROYER, an Individual, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> **CV 13 5886 DMR** |

P:\CLIENTS\OE3CL\Titan DVBE, Inc\Complaint\Complaint 120413.doc

## Parties

1. The Operating Engineers' Health and Welfare Trust Fund; Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers' Health and Welfare Fund; and Operating Engineers and Participating Employers Pre-apprenticeship, Apprentice and Journeymen Affirmative Action Training Fund are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs." Russell E. Burns and Richard Piombo are Co-Chairmen of the Joint Boards of Trustees of the ERISA Plaintiffs with authority to act on behalf of all Trustees.

2. The Heavy and Highway Committee is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of ERISA Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

4. TITAN DVBE, INC., a California corporation, and WILLIAM SCHROYER, an individual, are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2). They are referred to herein as "Defendants." William Schroyer directs payment of contributions to the Trust Funds and has individual liability for all amounts claimed herein, pursuant to the terms of the Independent Northern California Construction Agreement.

## Jurisdiction

5. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the

provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the ERISA Plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the Defendants and the Union.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

8. Venue exists in this Court with respect to the claims under ERISA §502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

9. Venue exists in this Court with respect to the claims under LMRA §301(a) and 302(c) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to ERISA Plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiffs' funds, the Bargained Plans and dues were administered during the period claimed herein, and where Defendants therefore failed to fulfill their statutory and contractual obligations to the ERISA Plaintiffs.

### Bargaining Agreement

11. The Union and Defendants entered into Collective Bargaining Agreements requiring employer contributions to the Plaintiff Funds, and to the Union for union dues and to the other plans more fully described in the Master Agreement incorporated into the Independent

Northern California Construction Agreements to which Defendants are signatory. Defendants are also signatory to multiple project agreements which respectively bind Defendants to the Collective Bargaining Agreements. Those Agreements are collectively referred to herein as the "Bargaining Agreements," and the ERISA Plaintiffs and Trust Funds are third party beneficiaries of that Bargaining Agreements.

12. Under the terms of the Bargaining Agreements, Defendants are required to pay certain contributions to the Vacation and Holiday Pay Plan; Contract Administration Fund; Job Placement Center and Market Area Committee Market Preservation Fund; Operating Engineers Industry Stabilization Trust Fund; Business Development Trust Fund; Engineering and Utility Contractors Association Industry Promotion Fund, together referred to herein as "Bargained Plans." Plaintiff Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans under the Bargaining Agreement.

13. WILLIAM SCHROYER has personally guaranteed all amounts claimed herein, pursuant to the terms of Defendant TITAN DVBE, INC.'S Independent Northern California Construction Agreement.

14. Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs, which documents are incorporated into the Bargaining Agreement and made binding on Defendants, Defendants are required to submit monthly reports of hours worked by their employees, and to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to the Trust Funds, certain sums of money, the amounts of which are determined by the hours worked by employees of Defendants, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Trust Funds, Defendants agreed to pay liquidated damages and interest for each delinquent payment, at the rates set by the Bargaining Agreement, from the day immediately following the date that each such payment became due until paid in full, all as more fully set forth or incorporated into said Bargaining Agreement.

15. Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated in the Bargaining Agreement and made

binding on Defendants, Defendants are required to permit an authorized Trust Fund representative to examine such records of Defendants as is necessary to determine whether Defendants have made full payment of all sums owed to the ERISA Plaintiffs, all as more fully set forth in said governing documents, as amended, and incorporated in the Bargaining Agreement.

### Facts

16. Defendants have a statutory duty to timely make required payments to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

17. Defendants have a contractual duty under the Bargaining Agreement to timely report and pay required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Bargained Plans, and to timely make the required payment of union dues to the Union.

18. Defendants have failed and refused to report and pay contributions for hours worked by employee Greg Emde. Based on an audit of daily logs provided by employee Greg Emde, there is a current estimated liability for under-reported hours in the amount of $21,238.55 during the months of July 2009 through November 2009. Liquidated damages and interest have been incurred and are owing for the unpaid contributions for the above period and any prior late paid contributions.

ERISA Plaintiffs are also entitled to recover any and all additional contributions and all liquidated damages and interest thereon, on any other late or unpaid contributions found due on timecards, audit, or that otherwise become due through the time of Judgment.

A written demand was made on Defendants on behalf of Plaintiffs to schedule an audit and provide records for examination pursuant to the terms of the Collective Bargaining Agreement and governing documents of the ERISA Plaintiffs, for the period of July 2009 through the present. Defendants refused and continue to refuse to provide records and to permit an authorized representative of the Plaintiffs to examine Defendants' records as are necessary to determine whether Defendants' have made payments owed to Plaintiffs for the period of July 2009 through the present.

ERISA Plaintiffs expressly reserve the right to conduct an audit to determine whether there are any additional amounts due.

19. Defendants' failure and refusal to make payment and provide records and permit examination of its records as alleged herein to determine if Defendants have met their obligations was at all times, and still is, willful. Defendants continue to breach said Bargaining Agreement, and the governing documents of the ERISA Plaintiffs, by failing to pay all amounts owed, as alleged. Said refusal is unjustified and done with knowledge and intent.

20. Defendants have a contractual duty under the Bargaining Agreement to provide reports of monthly amounts due, pay amounts due, and to timely make the required contributions, liquidated damages and interest to the ERISA Plaintiffs, the Bargained Plans, and to timely make the required payment of union dues to the Union. By failing to make such timely payments as required, Defendants have breached said duty. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

21. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that the ERISA Trusts and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

22. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by the ERISA Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

### Prayer

WHEREFORE, ERISA Plaintiffs pray as follows:

1. For an order enjoining Defendants from violating the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs, and enjoining Defendants from

disposing of any assets and continuing operations of their business until they comply with said terms.

    2. For judgment against Defendants in favor of the ERISA Plaintiffs, Bargained Plans, and the Union, in an amount equal to:

    (a) All unpaid contributions due for hours worked as specified above and thereafter through the time of judgment, including as found due on audit, pursuant to ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A) as required:

    (i) To the ERISA Plaintiffs, in accordance with ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A) and the Bargaining Agreement;

    (ii) To the Bargained Plans, in accordance with the Bargaining Agreement; and

    (iii) To the Union for dues, in accordance with the Bargaining Agreement.

    (b) Liquidated damages in an amount equal to the greater of:

    (i) Interest on the unpaid contributions, or

    (ii) Liquidated damages on the aforementioned unpaid contributions and prior late-paid contributions, in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to the ERISA Plaintiffs.

    (c) Interest on the aforementioned unpaid contributions and prior late-paid contributions at rates and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2)(B), 29 U.S.C. §1132(g)(2)(B) with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues, and where otherwise appropriate.

    (d) Any additional contributions payable at time of judgment to ERISA Plaintiffs, and the Bargained Plans as third party beneficiaries of the Bargaining Agreement, and to the Union, plus interest and liquidated damages in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2), 29 U.S.C.

1  §1132(g)(2) with respect to the ERISA Plaintiffs.

2      (e)  Audit compliance as may be requested by ERISA Plaintiffs in accordance
3  with Trust Procedures; payment of amounts found due on such audit, and audit testing fees in
4  accordance with the Bargaining Agreement and governing documents of the ERISA Plaintiffs, in
5  accordance with ERISA § 502(g)(2)(E).

6      (f)  Reasonable attorneys' fees and costs of this action in accordance with
7  ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D) for the ERISA Plaintiffs; in accordance with the
8  collective bargaining agreement for all Bargained Plans; and in accordance with LMRA §301,
9  29 U.S.C. §185 for all ERISA Plaintiffs.

10    3.  That the Court retain jurisdiction of this case pending compliance with its orders.

11    4.  For such other and further relief as the Court may deem just and proper.

12 Dated: December 17, 2013        SALTZMAN & JOHNSON
                                   LAW CORPORATION

                                   By: _____
                                       Michele R. Stafford
                                       Attorneys for Plaintiffs

P:\CLIENTS\OE3CL\Titan DVBE, Inc\Complaint\Complaint 120413.doc